02-09-264-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-09-00264-CR

 

 


 
 
 Ruben Dominguez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 297th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

After
the trial court denied Appellant Ruben Dominguez’s motion to suppress evidence,
Appellant entered his plea of guilty to the murder of Jasmine Payne with a
firearm, and the jury assessed punishment at fifty-five years’ confinement. 
The trial court sentenced Appellant accordingly.  He appeals the denial of his
motion to suppress the evidence acquired as a result of the search warrant for
evidence located in the house he shared with his parents and his brother, Jose. 
Because we hold that the trial court committed no reversible error, we affirm
the trial court’s judgment.

On
February 13, 2008, Appellant and Henry Venegas went to a store located next to
the Durango Body Shop.  When they stopped near the store, a man approached them
and tried to sell them a nine-millimeter firearm.  Appellant was interested in
buying another gun, so he showed the man his own Glock nine-millimeter handgun to
see if the gun the man had was the same.  During the conversation, Appellant
and Venegas remained in Appellant’s vehicle.

Appellant
handed his Glock to the man for his inspection, but after the man started
“getting mad and aggressive,” Appellant asked for his gun back.  Appellant opened
his car door and began to get out of the car, but the man shut the car door and
ran away with Appellant’s gun.  Appellant got out of the car and ran after him
but turned back after the man ran to a house from which a number of people emerged. 
Later that night, Appellant went to the home of Ader Sotomayor, who worked at
the body shop, and told Sotomayor about what had happened, describing the man
to him.  From Appellant’s description, Sotomayor identified the man as Payne.  Sotomayor
told Appellant that Payne was “always around that area” where the body shop was
located.

The
next day, Sotomayor called Appellant when he saw Payne near the shop.  Appellant
arrived, confronted Payne, and, after arguing with him, shot him with a .380
caliber pistol.  Appellant testified that Payne had threatened to shoot him
with the Glock that he had taken from Appellant and then began to reach for
something behind his back.  After shooting Payne, Appellant drove to Venegas’s
house and asked him to dispose of the .380 caliber pistol.

Venegas
put the pistol in a dresser.  After Appellant’s sister informed him of
Appellant’s arrest and told him to get rid of the gun, Venegas wrapped the gun
in a sock and hid it underneath an abandoned house.  The police later came to
Venegas’s house and told him that they knew he had the gun, and Venegas took
them to where he had hidden it.

The
police applied for a search warrant, and Fort Worth Detective F. Serra III
executed a supporting affidavit.  In the affidavit, Serra described his
interview with Sotomayor and his identification of Appellant.  The affidavit
states that Sotomayor had said that “Jose Dominguez” told him that Payne had
stolen his gun.  The affidavit also states that Sotomayor also said that this
person’s nickname was “Sito” and that Sito had dated his wife’s cousin.  An
officer from the gang unit provided Serra with a picture of Appellant, which
showed that Appellant had a tattoo on one wrist with the word “Sito.” 
Sotomayor identified Appellant from a photospread and identified him as Sito. 
Serra concluded his affidavit with the following statements:

14.     Your
affiant obtained an arrest warrant for the suspect and he was taken into
custody by Fort Worth Fugitive Officers at 2809 Berryhill where he resides with
his parents.

15.     Your
affiant has reason to believe that the suspect may have concealed the suspect
weapon and other evidence inside his residence.

Officers
executed the search warrant and found the magazine for a Glock nine-millimeter
in Appellant’s bedroom.  The door to his bedroom had the word “Sito” on it.

Appellant
filed a motion to suppress all evidence seized as a result of his arrest and
the search of his home.  Appellant argued that the search warrant was illegally
issued because the supporting affidavit did not reflect sufficient probable
cause.  At a pretrial hearing, Appellant argued that the affidavit was conclusory
and did not show probable cause and that Serra gave “no facts or circumstances
within his knowledge that would support a reason . . . as to why he believes
that the suspect may have concealed the weapon or other ammunition.”  The trial
court stated that it had been concerned about the conclusory nature of
paragraph 15 of the affidavit, but after having read Massey v. State,[2]
and considering the totality of the affidavit, had decided to deny the motion
to suppress.

This
case raises several issues.  The warrant refers not to Appellant but to his
brother, Jose Dominguez, as the suspect.  All information in the supporting
affidavit refers to Jose, not to Appellant.  The initial question, then, is
whether Appellant has standing to challenge the sufficiency of the affidavit
supporting the warrant that authorized the search.  Although the issue of
standing was not raised below, we may address the issue and analyze standing,
even though it is not raised by either party, as part of the Fourth Amendment
claim presented.[3] 
It was uncontested that the residence searched pursuant to the warrant was
Appellant’s residence and belonged to his parents.  Additionally, the
supporting affidavit states that Appellant resided in the house with Jose and
their parents.  A person has a reasonable expectation of privacy in his own
home, and, consequently, standing to challenge the search of his residence if
the search was the source of evidence used in the prosecution.[4]  We hold that because
Appellant had a reasonable expectation of privacy in his home, he had standing
to challenge the search of the residence he shared with his family even though
he is not the named suspect in the warrant.[5]

The
affidavit supporting the search is extremely weak.  It contains conclusory
statements with no explanations for why the affiant believed that the items
listed as items he expected to find in the home would, indeed, be located
there.  Appellant, however, did not identify the evidence that was seized
pursuant to the warrant.  He did not indicate, either in his motion to suppress
or in his brief, which specific evidence was seized as a result of the search
and used to prosecute him (or which specific evidence he expected to be
admitted into evidence or used to prosecute him absent his guilty plea).

Relied
on by the trial court to uphold the affidavit and warrant, Massey also
stands for the proposition that when a defendant challenges the sufficiency of
a warrant, the defendant must point to specific evidence seized pursuant to the
complained of portion of the warrant or the affidavit and offered into
evidence.[6]  The Massey court
relies on Walthall[7]
in recognizing that, generally, “only evidence seized pursuant to offending
portions of a warrant need be suppressed.”[8] 
The Massey court then states, “It follows that when complaining of
invalid portions of a search warrant, the defendant must identify the evidence
seized pursuant to the allegedly invalid portions of the warrant.”[9]

Although
Appellant was ably represented by counsel at trial and on appeal, and although
Appellant has filed an excellent brief on appeal, we cannot glean from either
the motion to suppress or the appellate brief what specific evidence he
complains was illegally seized.  The firearm in question was not seized at his
home.  The magazine seized at his house was for the nine-millimeter Glock, not
for the weapon with which Payne was shot.  The name Sito was on his bedroom
door, but it was also tattooed on his wrist.  Appellant does not explain to us
what evidence was seized that prejudiced him, how it prejudiced him, or how it
influenced his sentence.

We
therefore overrule Appellant’s sole point on appeal and affirm the trial court’s
judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and GABRIEL, JJ.

 

WALKER
and GABRIEL, JJ. concur without opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 12, 2011









[1]See Tex. R. App. P. 47.4.





[2]933 S.W.2d 141 (Tex. Crim.
App. 1996).





[3]See Kothe v. State,
152 S.W.3d 54, 60 (Tex. Crim. App. 2004).





[4]Id. at 59.





[5]See id.





[6]Massey, 933 S.W.2d
at 148.





[7]Walthall v. State,
594 S.W.2d 74, 79 (Tex. Crim. App. 1980).





[8]Massey, 933 S.W.2d
at 148 (citing Walthall, 594 S.W.2d at 80).





[9]Id.